IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEONEL LIMBERG HERNANDEZ,

    Defendant.

Case No. 24-CR-166-JFH

**OPINION AND ORDER**

Before the Court is the Defendant Leonel Hernandez's appeal of Magistrate Judge Steele's order detaining Defendant pending trial ("Motion"). Dkt. No. 23. Magistrate Judge Steele ordered that Defendant be detained pending trial on May 28, 2024. Dkt. No. 18. Defendant now appeals, contending that Magistrate Judge Steele erred in ordering that he be detained pending trial. This Court affirms the order detaining Defendant.

**BACKGROUND**

Defendant was charged by indictment on May 22, 2024 with one count of attempted coercion and enticement of a minor in violation of 18 U.S.C. §2422(b). The Government moved to detain Defendant, and a detention hearing was held before Magistrate Judge Mark T. Steele on May 28, 2024.

The Government proceeded by proffer at the hearing. The Government represented that on March 3, 2024, Lieutenant Haning received a message from Defendant to a profile the officer maintained on Kik, a messaging application. Dkt. No. 28, p. 3. Haning's profile picture was an age-regressed photo of him, depicting him as approximately 14 years old. *Id*. Defendant told Haning that he was looking for a girl; Haning informed Defendant that he could connect him with his stepsister, who is 13 years old; Defendant stated he would like to meet the stepsister and he

1

would buy Haning food and drinks if he would introduce him to her. *Id*. at p. 4. Officer Haning informed Defendant that his stepsister's name is Kaylee, and he provided Defendant with contact information for another undercover profile maintained by another law enforcement officer, Deputy Hamilton with the Rogers County Sheriff's Office. *Id*.

Defendant began messaging with Deputy Hamilton's undercover profile; he confirmed with the profile that she was 13 years old. *Id.* at 5. Defendant told "Kaylee" that he could be her daddy and offered to buy her alcohol. *Id*. Defendant asked "Kaylee" if she had ever had sex before; Defendant began messaging the profile regarding sexual topics. *Id*. Defendant sent a photo of his penis to the profile and asked "Kaylee" if she wanted to have sex with him. *Id*. Defendant further discussed having sex with "Kaylee," and he arranged to meet with her at the rec center in Claremore. *Id*. at 6. On the day in which Defendant had arranged to meet with "Kaylee," he sent a picture of a bottle of alcohol and described what he was wearing. *Id*. at 6. Defendant was arrested when he arrived at the rec center to meet with "Kaylee." *Id*. at 7.

The Government noted that there was a presumption of detention in this case; the Government argued that Defendant would pose a flight risk because he is originally from Mexico, and he is facing prosecution on serious charge that carries a mandatory minimum sentence. *Id*. at 8. The Government argued that the short, two-day time period between Defendant first messaging "Kaylee" and arranging to meet with her showed dangerousness to the community. *Id*. Further, the Government argued that it would be difficult to monitor Defendant to prevent any and all access to messenger applications, and thus Defendant would continue to pose a danger to the community. *Id*. at 9.

Defendant first noted that all of the messages exchanged between Defendant and the undercover officers were in English, while Defendant's first language is Spanish. Further,

Defendant argued that he would not pose a flight risk because of his substantial familial connections to the community; specifically, Defendant has a wife (who is seven months pregnant) and two children, and he owns a home in Norman, Oklahoma. *Id*. at 10. Defendant further contended that he would not be a danger to the community because he has no history of criminal behavior and, further, probation's pretrial services report indicated a very low risk should he be released pending trial. *Id*. at 10-11. There are conditions, Defendant argued, such as having Defendant turn over his passport, placing him on GPS monitoring, and restricting access to electronics and the internet, that would ensure Defendant would return to Court and would not pose a danger to the community. *Id*. at 11.

Magistrate Judge Steele held that Defendant had rebutted the presumption that there was no condition or combination of conditions sufficient to assure Defendant's appearance in Court as required and that the Government had not met its burden of showing by a preponderance of the evidence that no condition or conditions would suffice to assure Defendant's appearance. *Id*. at 18. However, Magistrate Judge Steele found that Defendant had not presented sufficient evidence to overcome the presumption that no condition or combination of conditions would assure the safety of the community with Defendant's release. *Id*.

## AUTHORITY AND ANALYSIS

### I. STANDARDS GOVERNING THE COURT'S REVIEW.

Under the Bail Reform Act of 1984, a court must order a criminal defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

In determining whether there are conditions that would "reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community", the Court must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the [defendant];
>
> (3) the history and characteristics of the [defendant], including—
>
>> (A) the [defendant's] character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the [defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release.

18 U.S.C. § 3142(g). The law further provides:

> Subject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed--
>
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) … [or]
>
> (B) an offense under section 924(c), 956(a), or 2332b of this title…

18 U.S.C. § 3142(e)(3). Regarding the detention presumption, the Tenth Circuit has written:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

4

*United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991). Therefore, while Defendant must produce some evidence as to flight risk and danger to the community, the Government always bears the ultimate burden of persuasion. *Id.* The Government must demonstrate that a defendant is flight risk by a preponderance of the evidence, or it must demonstrate dangerousness by clear and convincing evidence. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

If a person is ordered detained by a magistrate judge . . ., the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. 18 U.S.C. § 3145(b). The district court reviews such a motion de novo. *Cisneros*, 328 F.3d 616 n.1.

**II.     UPON DE NOVO REVIEW, THE COURT FINDS THAT DEFENDANT SHOULD BE DETAINED PENDING TRIAL.**

Considering all necessary factors as set forth in 18 U.S.C. § 3142(g), the Court finds that the detention order should be affirmed, and that Defendant should be detained pending trial of this matter.

A. <u>There is a Presumption of Detention in this Case.</u>

An indictment was returned on May 22, 2024, charging Defendant with one count of attempted coercion and enticement of a minor in violation of 18 U.S.C. §2422(b). There is a presumption of detention under 18 U.S.C. §3142(e)(3), so long as the Court finds that there is probable cause to believe Defendant committed the offense charged. *See* 18 U.S.C. §3142(e)(3)(E) (Rebuttable presumption for offenses involving a minor defendant under 18 U.S.C. §2422). The fact that Defendant was indicted by a grand jury on this charge is sufficient to find that there is probable cause and, accordingly, a presumption of detention. See *United States v. Silva*, 7 F.3d 1046 (10th Cir. 1993) ("The grand jury indictment is sufficient to establish the finding of probable cause that defendant committed a federal drug offense with a maximum prison term of ten years

or more.").

B. <u>Defendant has rebutted the presumption that he would pose a flight risk.</u>

The Court finds that Defendant did meet his burden of producing "some evidence" rebutting the presumption that he would pose a flight risk in this case. *Stricklin*, 932 F.2d at 1355. In particular, Defendant demonstrated to the Court that he has strong family ties to the community, that he has been employed in the community for a substantial period of time, and Defendant owns a home in Norman, Oklahoma. Dkt. No. 28, pp. 11-12.

The Government did not show, by a preponderance of the evidence, that Defendant would pose a flight risk. As such, the Court finds that detention is not justified on the basis of Defendant posing a flight risk.

C. <u>Defendant has failed to rebut the presumption that he poses a danger to the community.</u>

Defendant has been charged with attempted coercion and enticement of a minor in violation of 18 U.S.C. §2422(b). At the detention hearing the Government proffered evidence demonstrating that Defendant's behavior leading to his arrest was aggressively predatory. In a span of less than 48 hours Defendant reached out to who he believed to be an underage boy and offered him gifts in exchange for connecting Defendant to a minor female victim; upon being connected with "Kaylee," Defendant moved swiftly, seeking to ply his victim with alcohol (who he believed was a 13-year old girl) in order to sexually abuse her. Dkt. No. 28, pp. 4-7. It is not just the nature of the behavior that is concerning to the Court, but the intention and alacrity with which Defendant moved to find and take advantage of a victim.

In contrast, Defendant put forward no evidence to rebut the presumption of dangerousness. Much of Defendant's proffer to the Court focused upon his family circumstances, his employment, and other ties to the community. Dkt. No. 28, pp. 11-12. This was relevant to whether Defendant

would be a flight risk, but it in no way rebuts the presumption of dangerousness; all of these circumstances were true when Defendant allegedly sought to victimize a 13-year-old child. Defendant also points to his lack of prior criminal convictions (he has previously been arrested for, but not convicted of, a prior sex offense), but, in the Court's view, this in no way ensures Defendant's future good conduct in a manner that would rebut the presumption of dangerousness, particularly in comparison to the evidence proffered against Defendant. Lastly, Defendant has argued that conditions monitoring or restricting his access to the internet could ensure the safety of the community, but the Court disagrees. The swiftness and aggressiveness with which Defendant allegedly pursued his predatory interests convinces the Court that there is no restriction on internet access that would actually ensure the safety of the community.

## CONCLUSION

Having conducted a de novo review, the Court finds that Defendant has failed to rebut the presumption that he would pose a danger to the community, should he be released pending trial in this matter. See 18 U.S.C. § 3142(e)(3). Therefore, Defendant will be detained pending trial.

IT IS THEREFORE ORDERED that the Defendant's Motion [Dkt. No. 23] is DENIED.

IT IS FURTHER ORDERED that Defendant Leonel Hernandez shall be detained pending trial. Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Dated this 24th day of June 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE